UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD DESCHAINE )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>OFFICER CHAMBERLAIN, UNKNOWN )<br>OFFICERS, UNKNOWN SUPERVISOR, )<br>PHILIP CROWELL, JR., Auburn Chief of Police, )<br>and CITY OF AUBURN )<br>)<br>)<br>    Defendants ) | **Docket No. 2:18-cv-** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff in the above-entitled matter and states as follows:

### Nature of Action

This is a 4th Amendment case arising out of an incident on July 25, 2016 in which Officer Chamberlain and other Auburn Police Department officers - whose identities are presently unknown - used excessive force against Mr. Deschaine, a 62 year-old veteran helicopter pilot (Vietnam and Korea), while effecting a wrongful and unlawful arrest of him.  Mr. Deschaine was brutalized and required immediate medical attention, including heart surgery.

### Parties

1. Plaintiff Ronald Deschaine ("Deschaine") was a resident of Auburn at all relevant times.

2. Defendant Officer Chamberlain was a police officer with the Auburn Police Department on July 25, 2016.

3. Defendant Unknown Officers were police officers with the Auburn Police Department on July 25, 2016.

1

4. Defendant Philip Crowell, Jr. ("Crowell") was the acting Chief of Police of the City of Auburn, during all relevant times.

5. Defendant City of Auburn, Maine is a municipal corporation in the State of Maine.

## Subject Matter Jurisdiction

6. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

7. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

8. This Honorable Court may exercise pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

9. This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. §704-A in that each of the Defendants is domiciled in the State of Maine.

## Venue

10. Venue is properly laid before this Honorable Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the southern half of the State of Maine.

## Common Nucleus of Operative Fact

11. Mr. Deschaine was born on October 17, 1945 in a Canadian hospital near Madawaska, Maine.

12. He is a dual citizen.

13. Mr. Deschaine graduated from Lewiston High School in 1964 and enlisted in the Army during the Vietnam War, where he attended flight school and learned to fly the Bell UH-1 Iroquois helicopter, known as the "Huey".

14. He subsequently learned to fly the Boeing CH-47 Chinook helicopter and served as a pilot during the Korean War.

15. Following his stint in the military, Mr. Deschaine returned to Maine and worked at a number of jobs, including furniture design and manufacture, civil helicopter piloting, National Guard and most recently, as a janitor for schools in Auburn.

16. Mr. Deschaine retired in 2007, following a heart attack that left him in a weakened condition.

17. On July 25, 2016, Mr. Deschaine was at his home at 72 James Street, Apt. 1, in Auburn, Maine.

18. In the afternoon of July 25, 2016, Mr. Deschaine was sitting on his front porch.

19. At this time, Mr. Deschaine observed two police cruisers pull up.

20. Mr. Deschaine was speaking to a neighbor, Autumn McDonald, at the time.

21. It appeared to Mr. Deschaine that the police were investigating an incident involving Ms. McDonald.

22. Mr. Deschaine watched the Auburn police interact with Ms. McDonald for approximately 10 minutes.

23. After about 10 minutes, Mr. Deschaine approached a third police cruiser which had pulled up and asked the officer driving the vehicle what was going on.

24. Mr. Deschaine was not armed.

25. Mr. Deschaine was not threatening anyone.

26. Mr. Deschaine did not appear to be armed or threatening anyone.

27. Defendant Chamberlain was standing in back of Mr. Deschaine as he approached the third police cruiser to arrive on scene.

28. Mr. Deschaine had observed Defendant Chamberlain as the investigation had continued.

29. Mr. Deschaine observed that Defendant Chamberlain appeared as if he were looking for a fight.

30. Defendant ___, seated in the third police cruiser which Mr. Deschaine had approached told Mr. Deschaine, "step away from the vehicle."

31. Defendant Chamberlain called out "you are going to jail."

32. Mr. Deschaine, feeling fearful of Defendant Chamberlain, kept facing the cruiser and responded, "you stay away from me."

33. At this point, Defendant Chamberlain ran at Mr. Deschaine and tackled him from behind, knocking him violently into the police cruiser.

34. This violent contact between Mr. Deschaine's chest and the police cruiser caused immediate pain.

35. Defendant Chamberlain then attempted to place handcuffs on Mr. Deschaine as part of his arrest.

36. Mr. Deschaine was in severe pain and confused. He did not initially cooperate with the handcuffing procedure.

37. Defendant _____ then hit Mr. Deschaine with a baton and threatened to taser him.

38. Defendant Chamberlain and Defendant _____ handcuffed Mr. Deschaine.

39. Defendant Chamberlain and Defendant _____ used a great deal of force in handcuffing Mr. Deschaine causing significant lacerations and bruising.

40. Defendant _____, seated in the police cruiser, took no steps to stop Defendants Chamberlain and _____ from using excessive force against Mr. Deschaine.

41. Defendant _____, the supervisor on scene, took no steps to stop Defendants Chamberlain and _____ from using excessive force against Mr. Deschaine.

42. Mr. Deschaine was arrested.

43. Defendants had not generated probable cause to arrest Mr. Deschaine for any crime.

44. Defendant Chamberlain then placed Mr. Deschaine in a police cruiser.

45. Defendant Chamberlain began driving Mr. Deschaine to the jail.

46. However, Mr. Deschaine was in pain and suffering from multiple injuries inflicted by Defendant Chamberlain, and he was requesting medical attention.

47. Defendant Chamberlain was instructed by the police dispatcher to bring Mr. Deschaine to the hospital for care.

48. Upon reaching the hospital and bringing Mr. Deschaine in for treatment, Defendant Chamberlain initially refused to remove the handcuffs so that a doctor could examine him.

49. Only reluctantly did Defendant Chamberlain finally remove one of the handcuffs.

50. Defendant Chamberlain charged Mr. Deschaine with Refusal to Submit to Arrest.

51. No criminal charges were pursued by the Auburn District Attorney against Mr. Deschaine

52. Mr. Deschaine substantially complied with the statutory requirement to give notice to Defendants.

53. Mr. Deschaine demands a trial by jury.

### Count I: 42 U.S.C. §1983 Violation v. Officers Defendant Chamberlain, and Unknown Officers

54. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

55. As indicated above, Defendant Chamberlain and Unknown Officers, under color of state law, subjected Mr. Deschaine to a deprivation of his constitutional rights, specifically his clearly established rights to (1) be free from unreasonable searches and seizures, (2) bodily integrity, (3) be free of the use of unreasonable force (4) substantive and procedural due process, and (5) be free from arrest except upon a finding of probable cause that he had committed a crime, protected by the United States Constitution and State and Federal Law.

56. Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Deschaine.

WHEREFORE, Mr. Deschaine requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Deschaine punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count II: 42 U.S.C. §1983 Supervisory Violation v. Unknown Supervisor Defendant____ and Defendant Crowell

57. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

58. Upon information and belief, Defendant Supervisor_____ was present on July 25, 2016 at 72 James Street and witnessed the events chronicled above.

59. Upon information and belief, Defendant Supervisor_____ took no steps to protect Mr. Deschaine's constitutional rights from being violated by Defendant Chamberlain and others.

60. Upon information and belief, Defendant Chamberlain has been involved in numerous situations that have led to complaints being lodged about his excessive use of force and/or inappropriate and/or unlawful or unconstitutional conduct.

61. Upon information and belief, Defendant Chamberlain has been disciplined or should have been disciplined numerous times for his excessive use of force and/or inappropriate conduct.

62. Upon information and belief, Defendant Supervisor_____ and Defendant Crowell knew or should have known that Defendant Chamberlain had a reputation for violent and/or inappropriate/unlawful conduct.

63. Upon information and belief, Defendant Supervisor_____ and Defendant Crowell did not take reasonable steps to supervise or discipline Defendant Chamberlain or to minimize the risk of harm that Defendant Chamberlain presented to the public.

**64.** Upon information and belief, any reasonably well-trained supervisor would have recognized that Defendant Chamberlain, if not properly disciplined and supervised, would cause harm to the public.

65. Defendant Supervisor _____'s and Defendant Crowell's conduct or inaction in supervising and/or disciplining the Defendant Chamberlain amounts to either deliberate, reckless or callous indifference to the constitutional rights of others, including Mr. Deschaine.

66. On information and belief, Defendant Supervisor_____ and Defendant Crowell also failed to promulgate appropriate policies regarding dealing with public inquiries while conducting police investigations.

67. On information and belief, Defendant Supervisor_____ and Defendant Crowell failed to properly train Officer Chamberlain and others with regard to the appropriate use of force.

68. An affirmative link exists between the street level constitutional violations perpetrated by Defendant Chamberlain and Defendant Supervisor _____'s and Defendant Crowell's failure to a) properly supervise and/or discipline Officer Chamberlain and/or b) promulgate appropriate policies regarding dealing with public inquiries while conducting police investigations, and the use of force and c) train his officers, including Officer Chamberlain, on dealing with public inquiries while conducting police investigations.

69. Defendant Supervisor _____'s and Defendant Crowell's actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Deschaine.

WHEREFORE, Plaintiff Deschaine requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Deschaine punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count III: 42 U.S.C. §1983 Municipal Violation v. City of Auburn

70. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

71. The customs or policies of the City of Auburn comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint.

72. At all relevant times, Defendant Crowell was acting Chief of Police of the Auburn Police Department.

73. At all relevant times Defendant Crowell was a policymaker within the City of Auburn hierarchy.

74. At all relevant times, on information and belief, Defendant Crowell, as a policymaker for the City of Auburn, adopted a custom or policy of abdicating any appropriate level of supervision and/or discipline of Defendant Chamberlain.

75. At all relevant times, on information and belief, Defendant Crowell, as a policymaker for the City of Lewiston, adopted a custom or policy of permitting his officers to use excessive force against the public making inquiries about ongoing police investigations.

76. This *laissez faire* approach to the use of force by his officers amounts to an unconstitutional custom or policy.

77. It was or should have been eminently foreseeable to Defendant Crowell that allowing his officers to use force under circumstances which did not require that level of force would inevitably result in the violation of citizens' civil rights, as happened in the instant case.

78. Defendant City of Auburn's actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Deschaine.

WHEREFORE, Plaintiff. Mr. Deschaine requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Deschaine attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count IV: Assault v. Defendant Chamberlain

79. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

80. The actions taken by Defendant Chamberlain on July 25, 2016 comprise an unreasonable use of force against Mr. Deschaine, an unjustified assault.

81. The assaultive behavior was taken in bad faith.

82. The assaultive behavior was malicious or impliedly malicious.

WHEREFORE, Plaintiff Mr. Deschaine requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Deschaine punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count V: Unlawful Arrest v. Defendant Chamberlain and

83. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

84. The actions taken by Defendant Chamberlain and Unknown Officers on July 25, 2016 comprise an arrest without probable cause.

85. The actions taken by Defendant Chamberlain and Unknown Officers on July 25, 2016 comprise an arrest without probable cause.

86. The arrest was made in bad faith.

87. The unlawful arrest was malicious or impliedly malicious.

WHEREFORE, Plaintiff Mr. Deschaine requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Deschaine punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count VI: False Imprisonment v. Defendant Chamberlain and

88. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

89. The actions taken by Defendant Chamberlain and Unknown Officers on July 25, 2016 comprise the tort of false imprisonment.

90. Mr. Deschaine's liberty was taken when Defendant Chamberlain and others handcuffed him and transported him from his home without his consent or agreement.

91. The actions taken by Defendant Chamberlain and Unknown Officers on July 25, 2016 were taken in bad faith.

92. The false imprisonment was malicious or impliedly malicious.

WHEREFORE, Plaintiff Mr. Deschaine requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Deschaine punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.


Dated: 7/23/2018                    /s/ Michael J. Waxman
                                    120 Exchange Street, 4th Floor
                                    P.O. Box 375
                                    Portland, Maine 04112-0375
                                    (207) 772-9558



Dated: 7/23/2018                    /s/ William Maselli
                                    39 Portland Pier
                                    Portland, Maine 04101
                                    (207) 780-8400



                                    Attorneys for Plaintiff
                                    Ronald Deschaine