UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **RONALD DESCHAINE**<br><br>**Plaintiff**<br><br>v.<br><br>**OFFICER CHAMBERLAIN,**<br>**UNKNOWN OFFICERS, UNKNOWN**<br>**SUPERVISOR,**<br>**PHILIP CROWELL, JR. and**<br>**CITY OF AUBURN**<br><br>**Defendants** | Docket No. 2:18-cv-00283-JDL |

## ANSWER AND DEMAND FOR JURY TRIAL

NOW COME Defendants, by and through undersigned counsel and answer Plaintiff's Complaint as follows:

### Nature of Action

Defendants deny the allegations contained in this paragraph of the Complaint

### Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore deny the same.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

## Subject Matter Jurisdiction

6. The allegations contained in paragraph 6 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

7. The allegations contained in paragraph 7 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

8. The allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

## Personal Jurisdiction

9. The allegations contained in paragraph 9 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

## Venue

10. The allegations contained in paragraph 10 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

## Common Nucleus of Operative Fact

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore deny the same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore deny the same.

23. Defendants deny that more than two cruisers were ever at 72 James Street and deny that any officer on the scene was in a vehicle during the interaction between Plaintiff and the police.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff was not armed but deny that he was not threatening anyone.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants are with knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore deny the same.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny that Mr. Deschaine was in severe pain and confused. Defendants deny that he ever cooperated with handcuffing procedure, and was not just uncooperative initially.

37. Defendants deny that Mr. Deschaine was hit with a baton and threatened with Taser.

38. Defendants admit that Chamberlain handcuffed Plaintiff but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and therefore deny the same.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny there was any officer seated in a police cruiser at the scene while Plaintiff was being arrested and that excessive force was used by any officer.

41. Defendants deny that there ever was any supervisor at the scene and that excessive force was used by any officer.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny that police inflicted any injuries to Plaintiff. Defendants admit that Plaintiff said he was having a heart attack at the scene after he was placed in the cruiser. Defendants deny that Plaintiff requested medical attention while being transported by Defendant Chamberlain.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants admit the allegations contained in paragraph 50 of the Complaint and state that Plaintiff was also charged with disorderly conduct.

51. Defendants admit the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. No response is required as no factual allegations are contained this paragraph 53 of the Complaint.

## Count I: 42 U.S.C. § 1983 Violation v. Officers Defendant Chamberlain, and Unknown Officers

54. Defendants repeat and reallege their responses contained in paragraphs 1 – 53 herein.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

## Count II: 42 U.S.C. § 1983 Supervisory Violation v. Unknown Supervisor Defendant and Defendant Crowell

57. Defendants repeat and reallege their responses contained in paragraphs 1 – 56 herein.

58. Defendants deny that there was any supervisor at the scene.

59. Defendants deny that there was any supervisor at the scene and that any rights of Plaintiff were violated.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

### Count III: 42 U.S.C. § 1983 Municipal Violation v. City of Auburn

70. Defendants repeat and reallege their responses contained in paragraphs 1 – 69 herein.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants admit the allegations contained in paragraph 72 of the Complaint.

73. The allegations contained in paragraph 73 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

## Count IV: Assault v. Defendant Chamberlain

79. Defendants repeat and reallege their responses contained in paragraphs 1 – 78 herein.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

## Count V: Unlawful Assault v. Defendant Chamberlain

83. Defendants repeat and reallege their responses contained in paragraphs 1 – 82 herein.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

### Count VI: False Imprisonment v. Defendant Chamberlain

88. Defendants repeat and reallege their responses contained in paragraphs 1 – 87 herein.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants admit the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and for their costs and for such other relief the Court deems just and appropriate.

### AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Plaintiffs have failed to mitigate their own damages.

5. Defendants affirmatively defend by stating that Plaintiff's state law tort claims are barred for his failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that Plaintiff's state law tort claims are barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's claims are barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

9. Plaintiff's arrest was based upon probable cause.

10. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

11. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

12. No clearly established rights of Plaintiff were violated by Defendants' actions.

13. The amount of force used by these Defendants to take Plaintiff into custody was objectively reasonable in light of the facts and circumstances surrounding the incident, including Plaintiff's refusal to submit and resistance to being taken into custody.

14. The amount of force used, if any, by these Defendants was only that amount which these Defendants subjectively believed was reasonable and necessary under the circumstances.

15. Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

16. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom or any action by municipal employees.

17. Defendants affirmatively defend by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiff's rights by an officer that is observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violation but failed to do so.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to F.R.Civ.P. 38(b).

Dated at Portland, Maine this 26th day of September, 2018.

>
> */s/ Edward R. Benjamin, Jr.*
> Edward R. Benjamin, Jr., Esq.
>
> */s/ Kasia S. Park*
> Kasia S. Park, Esq.
>
> Drummond Woodsum & MacMahon
> 84 Marginal Way, Suite 600
> Portland, ME
> (207) 772-1941
> ebenjamin@dwmlaw.com
> kpark@dwmlaw.com
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr. hereby certify that on September 26, 2018, I electronically filed the foregoing Answer and Request for Jury Trial with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

*/s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr.

*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
erbenjamin@dwmlaw.com